IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

NORA LIZETH SAAVEDRA ARANDA, )
)
        Petitioner, )
)
)
vs. )   CASE NO. 3:12-00311
)   JUDGE KNOWLES
)
)
ROSENDO ELIZONDO SERNA, )
)
        Respondent. )

**ORDER**

This matter is before the Court upon "Petitioner's Motion for Summary Judgment." Docket No. 15. Petitioner has filed a supporting Memorandum of Law (Docket No. 16), a Statement of Undisputed Material Facts (Docket No. 17), her Declaration (Docket No. 18), and the Declaration of Juan Antonio Hernandez Maldonado (Docket No. 19).

Respondent has filed a Response in Opposition to the Motion (Docket No. 26), a supporting Memorandum of Law (Docket No. 26-1), a Response to Petitioner's Statement of Undisputed Facts (Docket No. 27), his Declaration (Docket No. 28), and the Declaration of Claudia Avila-Lopez (Docket No. 29).

This is an action filed pursuant to the Convention on the Civil Aspects of International Child Abduction, Done at the Hague on October 25, 1980, T.A.I.S. No. 11, 670, and its implementing legislation in the United States, the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 1602 *et seq.*

It suffices to say that the Declaration of Petitioner and the Declaration of Respondent are

in conflict concerning material facts, which conflict cannot be resolved on the basis of the written materials alone.

Moreover, in his Declaration, Respondent has set forth a number of significant factual matters that were told to him by his daughter, A.L.E. Petitioner has objected to the Court's consideration of such statements, arguing in part that they are hearsay. It appears that these objections can be raised and considered more appropriately at a Court proceeding involving live testimony.

Respondent has also submitted six letters, filed under seal. Docket Nos. 37-42. These letters are not in a form required by Fed. R. Civ. P. 56. Despite Respondent's argument that the letters should be "admitted" pursuant to 42 U.S.C.§ 11605, it is not clear that that statute, which refers to "authentication," applies to override the requirements of Fed. R. Civ. P. 56.

Because the Court cannot conclude that there is no genuine issue as to any material fact, summary judgment is inappropriate. Thus, Petitioner's Motion for Summary Judgment (Docket No. 15) is DENIED.

IT IS SO ORDERED.

E. Clifton Knowles
United States Magistrate Judge